574 A.2d 132

**Richard Lee STEHLE, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 5, 1990.

Decided May 11, 1990.

William E. Stockey, Lewis and Stockey, Pittsburgh, for appellant.

William A. Kuhar, Jr., Asst. Counsel, Pittsburgh, with him, Harold H. Cramer, Asst. Chief Counsel, and John L. Heaton, Chief Counsel, Harrisburg, for appellee.

Before CRAIG and BARRY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

This is an appeal by Richard Lee Stehle from an order of the Court of Common Pleas of Allegheny County (trial court) upholding the Department of Transportation, Bureau of Driver Licensing order suspending his operating privileges for refusing to submit to a chemical test pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S.A. § 1547(b).

Both Stehle and Officer Vatter, the arresting officer, testified before the trial court at the *de novo* hearing. The trial court made the following findings which are at issue in this appeal:

> There Officer Vatter noted the signs of intoxication about the Defendant and gave him some field sobriety tests, which he failed. Officer Vatter took Defendant to Jefferson Hospital for a blood test, but Defendant refused to cooperate.
>
> Officer Vatter made clear to Defendant the consequence of refusing the blood test: loss of license for a year. He also made clear that Defendant was not entitled to an attorney at this point in the proceedings.

*Commonwealth of Pennsylvania v. Stehle,* (Court of Common Pleas of Allegheny County, Civil Division, S.A. 1240 of 1989, filed July 11, 1989), slip op. at 1.

■ Our scope of review in license suspension cases is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's decision demonstrates a manifest abuse of discretion. *Wheatley v. Department of Transportation,* 104 Pa.Commonwealth Ct. 171, 521 A.2d 507 (1987).

■ The first issue raised by Stehle is that the trial court erred when it found that he had refused to take a blood test because he was never asked to take such a test. He asserts that the only request made of him while he was at the hospital was that he sign a waiver of liability which he refused. The trial court, however, opted to accept the testimony of Officer Vatter. He testified:

> When we were finished at Jefferson, I kept asking him to—if he would take the test. He kept ignoring me. I told him if he didn't give me a yes or no, I would take it as a refusal. I said this several times. He kept ignoring me, and I told him: Fine. It is a refusal. And we took him back.

Notes of Testimony (N.T.) at 6; Reproduced Record (R.R.) at 6a. Based on this testimony, the trial court was justified in finding that Stehle had been asked to take a blood test and that he refused it.

■ The second argument raised by Stehle is that Officer Vatter did not properly inform him that his right to counsel did not extend to the taking of a blood test. In *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989), the Supreme Court held that:

> [w]here an arrestee requests to speak to or call an attorney, or anyone else, when requested to take a breathalyzer test, we insist that in addition to telling an arrestee that his license will be suspended for one year if he refuses to take a breathalyzer test, the police instruct the arrestee that such rights are inapplicable to the breathalyzer test and that the arrestee does not have the right to consult with an attorney or anyone else prior to taking the test.

*Id.,* 521 Pa. at 252, 555 A.2d at 878.

This information is given to arrestees to insure that their refusal to submit to testing is a knowing one and not the result of the mistaken belief that they are exercising their constitutional right to counsel. *Id.,* 521 Pa. at 252–53, 555 A.2d at 878.

Officer Vatter testified that while they were at the hospital, Stehle asked to consult with his attorney. N.T. at 6, 8; R.R. at 6(a), 8(a). Officer Vatter responded by telling him that he could speak to one later. N.T. at 6, 8, 9; R.R. at 6(a), 8(a), 9(a). After being informed that he could not at that time consult with his attorney, Stehle was asked several times if he would take the blood test. He ignored these requests and a refusal was recorded. N.T. at 6; R.R. at 6(a).

As the trial court found, and as the record supports, Officer Vatter made it clear to Stehle that he was not entitled to counsel at that time. By ignoring Officer Vat-

ter's subsequent requests to take the blood test, with the knowledge that he had no right to counsel, Stehle made a knowing and conscious refusal of the test.

Accordingly, we will affirm the order of the trial court.

## ORDER

AND NOW, this 11th day of May, 1990, the order of the Court of Common Pleas of Allegheny County, in the above-captioned matter, is hereby affirmed.