521 A.2d 507

C. Donald Wheatley, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued December 11, 1986, before Judges MAC-PHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Kathleen A. Kerrigan,* with her, *John J. Kerrigan, Jr., Stuckert, Yates & Krewson,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE BARBIERI, February 23, 1987:

C. Donald Wheatley appeals from the order of the Bucks County Court of Common Pleas which dismissed his appeal from the one-year suspension of his operator's license by the Department of Transportation's Bureau of Traffic Safety (Bureau) under Section 1547(b) of the Vehicle Code (Code), 75 Pa. C. S. §1547(b), for Appellant's failure to submit to a breathalyzer test. We reverse.

This Court's scope of review of a common pleas court's decision in a license suspension case is limited to determining whether the findings of the court are supported by competent evidence, whether there has been an erroneous conclusion of law or whether the common pleas court's decision demonstrates a manifest abuse of discretion. *Waigand v. Commonwealth,* 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982); *McMahon v. Commonwealth,* 39 Pa. Commonwealth Ct. 260, 395 A.2d 318 (1978).

To sustain a license suspension under Section 1547(b) of the Code, the Commonwealth must establish that the driver involved: (1) was arrested for driving while under the influence of alcohol, (2) was requested to submit to a breathalyzer test, (3) refused to submit to such a test, and (4) was specifically warned that a refusal would result in the revocation of his driver's license. *Department of Transportation, Bureau of Traffic Safety v. Sinwell,* 68 Pa. Commonwealth Ct. 605, 450 A.2d 235 (1982), *Waigand.*

The only party to appear before the court of common pleas was the Commonwealth. The arresting officer testified on behalf of the Commonwealth, stating that he had first observed Appellant leaning out of the driver's side of his car which was stopped at a red light vomiting, that after the light turned green he followed Appellant in his car for approximately two miles, that Appellant swerved into the opposite lane a number of times, and that, when he was finally successful in pulling Appellant off the road, Appellant had the strong odor of alcohol about his person and failed to satisfactorily perform a dexterity test, *i.e.* walking a straight line heel to toe. The officer next testified as follows:

I transported him to Northampton Police Station. At that point he was advised by Officer Taylor and myself, with me being present, of the Miranda Rights and also the applied [sic] consent rule was given to him. As a matter of fact it was given to him, being read to him and then gone over step by step quite painfully because the subject at that point was not wanting to sign the forms as noted here.

He had the Miranda warnings, which were read to him while he was reading it also.

We also had the applied [sic] consent form read to him while he was reading it.

It is signed by myself and Officer Taylor, also stating that he did understand the rights and that he did refuse to sign.

. . . .

He was advised several times by myself that he would lose his license for 12 months automatically. He said that he understood that but he said he still did not want to sign it.

At that point, after approximately a half hour or an hour being in the police station trying to

convince him of that I transported the subject back to his home as there was nobody there to take him home.

Appellant argues on appeal that, because he was given his Miranda warning and asked to sign various forms, he was confused and his refusal was not a knowing refusal. Appellant cites *Maffei v. Commonwealth of Pennsylvania, Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980) and *Sickman v. Commonwealth*, 79 Pa. Commonwealth Ct. 173, 468 A.2d 909 (1983) in support of his argument.

In *Maffei*, in which the operator's license had been suspended for one year under Section 1547 of the Vehicle Code when he refused to sign a hospital waiver prior to submission to a blood test, we reversed the order dismissing the appeal since "nothing in the Vehicle Code requires a driver, as part of his consent to a blood test, to execute a document limiting or waiving the tester's liability." 53 Pa. Commonwealth Ct. at 184-85, 416 A.2d at 1169.

In *Sickman*, the appellant had been arrested for driving under the influence of alcohol and taken to the police station, where she was requested to: (1) answer a questionnaire, (2) complete a performance test, and (3) complete a breathalyzer test. The appellant started to complete the questionnaire and then changed her mind and refused to continue further with any part of the procedure outlined above. In reversing the suspension imposed pursuant to Section 1547(b) of the Vehicle Code, we stated:

> Section 1547 of the Code requires only that a driver submit to a chemical test of his breath, blood, or urine. There is no additional requirement that the driver complete a questionnaire or a performance test, and the refusal to do so will not support a suspension under Section 1547(b) of the Code. . . .

. . . [W]e conclude that the refusal to submit to a procedure which contains requirements in addition to that of the actual breathalyzer test is not a refusal to take such a test for purposes of this section.

79 Pa. Commonwealth Ct. at 175, 468 A.2d at 910.

Similarly, in the instant case, a refusal to sign an "implied consent form" is not a refusal to submit to a breathalyzer test for purposes of Section 1547(b) of the Code. Thus, we reluctantly hold that the Bureau failed to meet its affirmative burden as set forth above and that, therefore, the suspension must be reversed.

ORDER

AND NOW, this 23rd day of February, 1987, the order of the Court of Common Pleas of Bucks County is hereby reversed.