## Commonwealth v. Ivers

*Thomas J. Hines, deputy attorney general,* for the Commonwealth.

*Albert P. Massey, Jr.,* for defendant.

STIVELY, *S.J.,* March 20, 1987 — Herein we consider an appeal from an order by the Secretary of

Transportation suspending appellant's operating privileges for a period of 12 months for an alleged refusal to submit to a blood-alcohol test in violation of 75 Pa.C.S. §1547.

On December 7, 1985, Sergeant Carbo of the Tredyffrin Township Police Department stopped a vehicle being operated by appellant. Following field tests, appellant was placed under arrest and taken to Paoli Memorial Hospital for the purpose of having a blood-alcohol test. The officer and appellant discussed the test and its meaning. Appellant made no indication whatsoever that he would not submit to the test, and appellant testified at the hearing that he fully expected, upon his arrival at the hospital, to have blood drawn for the purpose of the test.

Upon arriving at the hospital, Sergeant Carbo took appellant into a small room and there presented appellant with two forms and directed him to sign both. The first form dealt with the substance of the "implied consent" law. Sergeant Carbo insisted that the form be signed, indicating that it was a part of the testing procedure.

The second form to be signed by appellant was required by Paoli Memorial Hospital prior to the withdrawal of blood. Sergeant Carbo testified that Paoli Memorial Hospital will not administer any blood test unless this second form is signed by the subject. The said form contains the following language:

"I, _____, consent to the withdrawal of blood and/or collection of urine sample for the purpose of determining the presence of alcohol and/or controlled substance(s) in my system, to be administered by persons authorized to do so by Paoli Memorial Hospital. The nature of the test(s) and possible risks associated with the test(s) have been explained to me."

Sergeant Carbo testified that he did not explain

any possible risks to appellant nor did any of the hospital personnel do so. Appellant refused to sign either form.

At the hearing, appellant testified that he was concerned with the language of the above (second) form, that his father, some 12 years previously, had suffered from serum hepatitis caused by a blood transfusion involving the insertion of a needle in the arm. Appellant, who is a law graduate, further testified that he understood the language of the form to represent a waiver of any possible future action he might have against Paoli Memorial Hospital.

The threshold issue in this case is whether or not it is ruled by Maffei v. Com., 53 Pa. Commw. 182, 416 A.2d 1167 (1980). Therein the Commonwealth Court ruled that a driver's refusal to sign a waiver of liability as a condition of submitting to a blood test does not constitute a refusal under section 1547(b) of the Vehicle Code.

The question becomes, was the second form given to the appellant by Sergeant Carbo a "waiver" or "release?" In Commonwealth v. Karstetter, Chester Co. 85-06732, The Honorable Lawrence E. Wood of this court found that this same form was *not* a "release of liability." As reluctant as we are to disagree with Judge Wood, we believe that we are constrained to apply the Maffei ruling in this case. In signing the proffered form, appellant would have "consented to the withdrawal of blood" and would be agreeing that the "nature of the test and possible risks associated therewith" had been explained to him. While the word "waiver" or "release" are not specifically used, the form appears to have all the necessary requirements of a waiver.* If the hospital

*See the legal requirements of "informed consent" to medical treatment, set forth in Gray v. Grunnagle, 423 Pa. 144, 223 A.2d 663 (1966).

did not intend it to be considered as a waiver, what purpose was there in requiring appellant to sign it? Further, in the instant case, unlike Karstetter, appellant had some knowledge of the law and testified that he believed that he was effectively waiving any future rights he might have against the hospital.

As Judge Craig stated in Maffei at 1169 ". . . the motorist's duty to consent to a blood test cannot lawfully be burdened by adding (or upholding) the requirement that he also sign a form devised by a hospital." The Commonwealth Court also pointed out that the Vehicle Code specifically provides the hospital, physician and technician with stated immunity from civil liability "for withdrawing of blood and reporting of test results," 75 Pa.C.S. §1547 J. "License suspension is a sanction for refusal to submit to a chemical test, not refusal of a test linked with execution of a release."

The court finds that appellant was required to sign a waiver form as part of the testing procedure, that he refused to do so and that a blood alcohol test could not have been administered to him without his signing the said form. Thus, under Maffei, the appeal must be sustained.

### ORDER

And now, this March 20, 1987, after hearing, the appeal is sustained and the order of the Secretary of Transportation set aside.