529 A.2d 65

Peter M. Selan, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellee.

Argued April 23, 1987, before Judges COLINS and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*David B. Dowling, Rhoads & Sinon,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, with him, *Henry G. Barr,* General Counsel, *Spencer A. Manthorpe,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, July 27, 1987:

Peter M. Selan (Petitioner) appeals on order of the Court of Common Pleas of Cumberland County (trial court) which affirmed the Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) in its suspension of Petitioner's driver's license. We affirm.

On October 5, 1985, Petitioner was involved in an automobile accident and taken to Saddle Memorial Hospital. During an interview at the hospital, the police officer investigating the accident noticed the strong smell of alcohol on Petitioner's breath and observed that Petitioner's eyes were bloodshot and glassy and that his speech was slurred. The officer arrested Petitioner for driving under the influence of alcohol and requested him to submit to a blood test for a determination of blood alcohol content. The attending technician advised Petitioner that the hospital required his signature on a consent form in order to perform the test. The officer explained to Petitioner that refusal would result in a suspension of his driving privileges and again requested Petitioner to submit to a blood test. Petitioner responded by closing his eyes and refusing to speak to the officer. DOT thereafter suspended Petitioner's license pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b).

Petitioner contends that he refused to submit to blood testing because the consent form he was asked to sign was a release of hospital liability and, therefore, our decision in *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980) controls. We disagree.

In *Maffei*, we held that a license suspension is a sanction for refusal to submit to a chemical test, not for refusal of a test linked to execution of a release. Since the evidence in *Maffei* established that "the form was a 'waiver of rights' or a 'waiver of negligence' or a 'consent to hold the hospital harmless' or a 'release' ", *Id.* at 183-84, 416 A.2d at 1168, we reversed the suspension on grounds that Mr. Maffei's refusal was legally justified.

The facts in the case at bar, however, are materially different from those in *Maffei*. The form in the present case states:[1]

> I hereby consent to a _____ test upon me, performed to determine the alcoholic content of my blood, pursuant to the provisions of "Vehicle Code" of Pennsylvania, (Act of 1982, No. 289).
>
> _____
>                                       Signature of Patient

The form is clear on its face. It is not a release of hospital liability. It is simply a consent form for performance of the blood test. Therefore, Petitioner was not justified in refusing to take the test, and DOT properly suspended his license for refusal.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, July 27, 1987, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is affirmed.

---

[1] Trial court opinion at 2-3.