538 A.2d 655

Robert Lee Lewis, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 18, 1987, to Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*André L. Dennis,* with him, *Helen M. Alvaré, Stradley, Ronon, Stevens & Young,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *John L. Heaton,* Chief Counsel, for appellee.

OPINION BY JUDGE PALLADINO, March 9, 1988:

Robert Lee Lewis (Appellant) appeals an order of the Court of Common Pleas of Montgomery County (trial court) which affirmed the suspension of his driver's license by the Pennsylvania Department of Transportation (Appellee) pursuant to §1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). We affirm.

On December 23, 1985, Officer Boston of the Warminster Township Police Department responded to a radio accident report. Upon arriving at the scene, Officer Boston observed a vehicle impacted against a tree in a yard. The car's engine was not running and Appellant was seated in the passenger seat. The officer asked Appellant if he had been driving and Appellant responded in the negative, stating the car belonged to his brother. The officer further noted that Appellant was in his stocking feet and that there were two shoes on the driver's side of the car, one under the brake pedal and one under the driver's seat. The drawstring from Appellant's coat was stretched tightly across the driver's seat, with one end caught in the driver's door. The officer noted that Appellant's eyes were bloodshot, his speech slurred, and his manner stuporous. The officer detected a strong smell of alcohol emanating from Appellant and observed a bottle of whiskey behind Appellant's back when Appellant leaned forward.

Officer Boston concluded that Appellant had been driving while intoxicated and placed him under arrest. Officer Boston requested backup and Officers Kratzinger and Cappucio arrived upon the scene. Officer Boston then told Appellant that they were going to request Appellant to take a blood test and that if he refused his license would be suspended for at least one year. Appellant made no response. Officers Kratzinger and Cappucio then transported Appellant to Warminster General Hospital for a blood test and possible treatment. Appellant refused to take a blood test. As a result of this refusal, Appellee suspended Appellant's license for one year pursuant to section 1547(b) of the Vehicle Code. Appellant appealed his suspension to the trial court, which affirmed the suspension.

On appeal to this court,[1] Appellant raises three issues: 1) whether the arresting officer had reasonable grounds to believe Appellant was driving, operating, or in actual physical control of a motor vehicle; 2) whether Appellant refused to submit to a blood test; and 3) whether the police improperly imposed additional requirements upon Appellant in addition to the blood test.

## REASONABLE GROUNDS

Appellant contends that Officer Boston did not have reasonable grounds to believe he was driving, operating or in actual physical control of a motor vehicle. Appellant emphasizes that when Officer Boston found him he was seated in the passenger seat and the car's engine was not running. Also, when the officer asked him if he had been driving he responded in the negative.

---

[1] Our scope of review of a common pleas court's decision case is limited to a determination of whether the findings of fact are supported by competent evidence, whether errors of law have been committed and whether the court's decision demonstrates a manifest abuse of discretion. *Waldspurger v. Commonwealth*, 103 Pa. Commonwealth Ct. 148, 520 A.2d 83 (1987).

The test for determining whether a police officer had reasonable grounds is "[w]hether viewing the facts and circumstances as they appeared at the time, a reasonable person in the position of the police officer could have concluded that the motorist was operating the vehicle under the influence of intoxicating liquor." *Department of Transportation, Bureau of Driver Licensing v. Mulholland,* 107 Pa. Commonwealth Ct. 213, 527 A.2d 1123 (1987) (citing *Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976)).

In this case, Officer Boston arrived at the scene and found Appellant alone in a car, which had run into a tree. Given these factual circumstances, a reasonable person could reasonably have concluded that Appellant had been driving the vehicle. Thus, we conclude that the officer had reasonable grounds to believe that Appellant was driving.

Appellant in this case, however, argues that the police officer must not only have reasonable grounds to believe a person is driving but also must have reasonable grounds to believe the person was driving on a highway or trafficway. Appellant argues that such reasonable grounds were not present in this case because he was found on a private lawn and no circumstantial evidence was presented as to what direction the car came from.

Appellant reasons that section 3731 of the Code, 75 Pa. C. S. §3731, (driving under the influence of alcohol or a controlled substance) applies only to driving on highways and trafficways of the Commonwealth by virtue of section 3101(b) of the Vehicle Code, 75 Pa. C. S. §3101(b), which states that sections 3731 through 3734 of the Code apply upon the highways and trafficways of the Commonwealth. Therefore, Appellant argues that the implied consent rule of section 1547 should be lim-

ited to the situation in which the officer has reasonable grounds to believe a person was driving, operating or in actual physical control of a motor vehicle on a highway or trafficway.[2] We disagree.

Section 1547(a)(1) of the Vehicle Code states that a motorist is deemed to consent to chemical testing if "a police officer has reasonable grounds to believe the person to have been driving, operating, or in actual physical control of the movement of a motor vehicle . . . while under the influence of alcohol. . . ." 75 Pa. C. S. §1547(a)(1). Section 1547(a)(1) *only* requires that the officer have reasonable grounds to believe the motorist was driving, operating or in physical control of a motor vehicle while under the influence of alcohol. It does *not* require the officer to have reasonable grounds to believe the motorist was driving, operating or in actual physical control of a vehicle *on a highway or trafficway* while under the influence of alcohol. If the legislature had intended for police officers to make such a determination, it would have specifically provided for this in the statute. Moreover, even if section 1547(a) is construed to require reasonable grounds to believe a person was driving, operating or in actual physical control of a vehicle on a highway or trafficway, the facts of this case are such that a reasonable person in the position of the

_____

[2] The issue presented in this case is slightly different from that presented in *Department of Transportation, Bureau of Driver Licensing v. Bendik*, 112 Pa. Commonwealth Ct. 591, 535 A.2d 1249 (1988). In *Bendik*, the trial court held that the police officer did not have reasonable grounds to believe the motorist was driving on a highway or trafficway, because motel parking lot did not constitute a trafficway. On appeal, the issue before the court was whether a motel parking lot constitutes a trafficway. The court concluded that a motel parking lot does constitute a trafficway. In *Bendik*, the court did not explicitly address the question of whether the officer must have reasonable grounds to believe the motorist was driving on a highway or trafficway.

arresting officer could reasonably have concluded that Appellant had been driving while intoxicated on a highway or trafficway.

Also, this court has held that the reasonable grounds requirement was met in other cases involving similar factual circumstances. In *Wilson v. Commonwealth*, 53 Pa. Commonwealth Ct. 342, 417 A.2d 867 (1980), this court concluded that a police officer had reasonable grounds to believe a motorist was driving where the officer observed the motorist leaving a vehicle, which was parked on a private lawn. Similarly, in *Dreisbach*, we concluded that a police officer had reasonable grounds to believe a motorist was driving where the motorist was found in a car which had crashed into a house.

Accordingly, we conclude that the reasonable grounds requirement of section 1547(a) was met in this case.

### REFUSAL TO TAKE TEST

Appellant next contends that his actions did not constitute a refusal to take a blood test for purposes of section 1547(b). It is well established that anything less than an unqualified, unequivocal assent to a request to submit to a chemical test constitutes a refusal. *Department of Transportation, Bureau of Traffic Safety v. Krishak*, 91 Pa. Commonwealth Ct. 307, 496 A.2d 1356 (1985). Moreover, a refusal to submit to a chemical test need not be communicated thru words, but can be implied from a motorist's actions. *Id.*

Appellant relies on *Department of Transportation, Bureau of Traffic Safety v. Guarino*, 19 Pa. Commonwealth Ct. 104, 339 A.2d 861 (1975) to support his argument that he did not refuse the test. In *Guarino*, we held that a motorist's silence in response to a request to take a breathalyzer test did not constitute a refusal because the motorist had not been transported to the situs

of the testing equipment. The case at hand is distinguishable from *Guarino* because here the motorist was transported to the situs of the testing equipment and once there exhibited a refusal to take a blood test.

## ADDITIONAL REQUIREMENTS

Finally, Appellant argues that he was improperly required to submit to procedures in addition to the blood test and therefore his license suspension was unjustified. Specifically, an admissions clerk asked Appellant for certain information and requested that he sign a consent form.

Petitioner relies on *Maffei v. Department of Transportation,* 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980), in which this court held that a motorist cannot be required to sign a release of hospital liability in addition to taking a blood test. However, in *Selan v. Department of Transportation, Bureau of Traffic Safety,* 108 Pa. Commonwealth Ct. 36, 529 A.2d 65 (1987), we specifically addressed the issue of whether a hospital consent form can be offered in conjunction with a request to submit to a blood test. In *Selan,* we held that a hospital consent form does not constitute a release of hospital liability and is therefore not the type of impermissible additional requirement which justifies a refusal to submit to a blood test. *Selan* is controlling in this case.

Thus, we conclude that the suspension of operating privileges for refusal to submit to chemical testing in this case was proper. Accordingly, we affirm.

## ORDER

AND NOW, March 9, 1988, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.