## PennDOT v. Melton

*Christopher Clemens, deputy counsel-in-charge,* for PennDOT.

*Joseph P. Green Jr.,* for defendant.

WOOD, *J.,* June 6, 1991—This case is before me on appeal from defendant's driver's license suspension. The Department of Transportation found defendant to have violated 75 Pa.C.S. §1547 when he was stopped for driving under the influence and subsequently refused to sign a hospital blood test form. I heard testimony in this matter on April 18, 1991.

At approximately 2:09 a.m. on August 26, 1990, Officer Benedict L. D'Angelo of the East Earl Township Police Department stopped defendant for speeding and crossing a double yellow line. He was then transported to Ephrata Hospital for purposes of having a blood test. Defendant was given proper implied consent warnings and agreed to submit to a blood test. However, when presented with a hospital consent form, he refused to sign it. His concern was that a clause in the form would oblige him to pay for the test. Officer D'Angelo informed the defendant that if he failed to sign the form, the hospital would not perform the blood test, he would be treated as having refused, and he would risk a license suspension pursuant to 75 Pa.C.S. §1547.

In order to uphold a suspension, the burden rests with the Commonwealth to show that defendant: (1) was arrested for driving under the influence, (2) was asked to submit to a blood test, (3) refused, and (4) was warned of the consequences of not consenting. *Weigand v. Commonwealth,* 68 Pa. Commw. 541, 449 A.2d 862 (1982). The question then becomes

whether defendant's objection to one specific clause in the hospital's form constitutes a refusal for purposes of a license suspension under 75 Pa.C.S. §1547.

75 Pa.C.S. §1547 reads in part:

"(b) *Suspension for refusal*—

"(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

"(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing."

The penalty should not be imposed when a defendant refuses to accept additional conditions that go beyond mere giving of consent. Such a refusal is not deemed to be a full refusal so as to trigger a license suspension: *Maffei v. Commonwealth, Dept. of Transportation,* 53 Pa. Commw. 182, 416 A.2d 1167 (1980); *Commonwealth, Dept. of Transportation v. Axsom,* 39 Chester Rep. 36 (1991). In *Maffei,* the hospital form in question was a release form which sought to absolve the hospital from liability. In the case at bar, the clause in question requires defendant to agree to pay for the blood test. It seems reasonable for defendant to have concluded that he would have to bear the cost of the test.

The Commonwealth points to certain decisions in support of its position, but they are distinguishable. For instance, in *Selan v. Commonwealth, Dept. of Transportation, Bureau of Traffic Safety,* 108 Pa.

Commw. 36, 529 A.2d 65 (1987), a suspension was affirmed because the form in question was a consent form with no additional conditions. The payment clause here does impose an additional condition. A refusal to consent to additional procedures, or to waive or release rights, is not deemed to be a refusal under 75 Pa.C.S. §1547. *Sickman v. Commonwealth,* 79 Pa. Commw. 173, 468 A.2d 909 (1983); *Wheatley v. Commonwealth, Dept. of Transportation,* 104 Pa. Commw. 171, 521 A.2d 507 (1987).

I note that at all times defendant consented to submit to the blood test (N.T. at 13). Defendant's sole objection was to payment for the test. The hospital did not discuss payment with defendant, nor did Officer D'Angelo request that the hospital do the test in the absence of the signed form. In *Axsom, supra,* as in the situation here, the blood test was not going to be given unless the defendant signed the hospital form. Judge Shenkin's opinion in *Axsom,* following *Maffei,* noted that, "the law of this Commonwealth does not require him to do so [surrender additional rights] on pain of otherwise having his driving privileges suspended." *Axsom,* 39 Chester Rep. at 38. We must therefore find that defendant did not give a refusal sufficient to authorize a license suspension pursuant to 75 Pa.C.S. §1547.

Accordingly, we enter the following

## ORDER

And now, June 6, 1991, the appeal of defendant, Harlow B. Melton, is hereby sustained; and it is ordered that his driver's license and driving privileges be reinstated.