## Schuster v. PennDOT

*Michael E. Moyer,* for petitioner.
*Thomas Nardozza, assistant counsel,* for PennDOT.

REIBMAN, *J.,* November 5, 1992—Petitioner appeals the Department of Transportation's suspension of his operating privilege for a period of one year for refusing to submit to a blood test as provided by section 1547(b) of the Vehicle Code, 75 Pa.C.S. §1547(b).

On January 18, 1992, petitioner, age 17, was involved in an automobile accident when his car crossed the opposing lane of traffic and impacted against a pole. Officer Louis Acevedo testified that, at the scene of the accident, he noticed an odor of alcohol on petitioner's breath, and observed that petitioner's eyes were bloodshot, his speech was slurred, and his gait was staggered.

Petitioner was taken to Allentown Hospital-Lehigh Valley Hospital Center, via ambulance, where he was placed under arrest for driving under the influence of alcohol, and was requested to submit to a blood test for a determination of blood alcohol content. Petitioner verbally agreed to take the blood test.

Shortly thereafter, Mrs. Schuster, petitioner's mother, arrived at the hospital and was informed that in order

for the hospital to perform the blood test on her minor son her signature was required on the consent form. After speaking on the telephone with her attorney, mother decided not to sign the consent document because it completely released the hospital of all liability arising from the taking of the blood sample. Instead, mother and petitioner signed the refusal of permission at the bottom of the consent form. As a result, the department suspended petitioner's license for one year pursuant to section 1547(b) of the Vehicle Code. Petitioner's appeal was timely filed.

Petitioner submits that the suspension is invalid because he did not refuse to take the blood test, but rather the hospital refused to withdraw blood because mother refused to consent to a release of hospital liability.

A motorist's duty to assent to a blood test cannot lawfully be burdened by adding the requirement that he also sign a form devised by a hospital. *Maffei v. PennDOT,* 53 Pa. Commw. 182, 185, 416 A.2d 1167, 1169 (1980). "The statute provides that '[a]ny person who operates a motor vehicle ... shall be deemed to have given consent to a chemical test of breath or blood.' Further, the six-month suspension provision applies when 'any person placed under arrest for driving under the influence of alcohol is requested to submit to a chemical test and refuses to do so.' 75 Pa.C.S. §1547(a),(b)(1)(i). A motorist is thus deemed to consent to a blood test, not a blood test accompanied by a signed waiver of liability. License suspension is a sanction for refusal to submit to a chemical test, not refusal of a test linked with execution of a release." *Maffei, supra,* at 185, 416 A.2d at 1169. See also *Conrad v. PennDOT,* 142 Pa. Commw. 642, 598 A.2d 336 (1991).

Thus, the suspension of petitioner's operating privilege imposed by the Department for refusal to submit to chemical testing was improper and must be vacated.

## ORDER

And now, November 5, 1992, after hearing de novo and for the reasons set forth in the accompanying opinion, the motor vehicle license suspension imposed by the Pennsylvania Department of Transportation on petitioner is hereby vacated.