625 A.2d 755

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING**

v.

**William E. MILLER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 5, 1993.

Decided May 17, 1993.

James C. Blackman, for appellant.

William A. Kuhar, Jr., Asst. Counsel of Appellate Section, for appellee.

Before CRAIG, President Judge, PALLADINO, J., and KELTON, Senior Judge.

PALLADINO, Judge.

William E. Miller (Licensee) appeals an order of the Court of Common Pleas of Warren County (trial court) dismissing his appeal from a suspension of his driver's license imposed by the Department of Transportation, Bureau of Driver Licens-

ing pursuant to Section 1547(b) of the Vehicle Code (Code), *as amended*, 75 Pa.C.S. § 1547(b).[1] We affirm.

. On February 28, 1992, Patrolman Jeffrey R. Atkin of the Conewango Township Police Department arrested Licensee, after a traffic accident, for driving under the influence of alcohol. Licensee was subsequently taken to Warren General Hospital for a blood alcohol test.[2] When first asked, Licensee agreed to take the blood test, and the hospital admissions clerk gave Licensee a hospital form to sign.[3]

After reading the form, Licensee refused to sign it because of the liability release provision in the last sentence. After consulting with a superior, the admissions clerk then crossed out that sentence. Nevertheless, Licensee again refused to sign the form until the hospital agreed to accept liability in the event he should contract Acquired Immune Deficiency Syndrome (AIDS) or hepatitis. In addition, Licensee requested

1.  Section 1547(b) provides, in relevant part:

    (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

2.  The parties stipulated that Officer Atkin had reasonable grounds to believe that Licensee was under the influence of alcohol, that Licensee was arrested and was asked to submit to a blood test, and that Licensee was warned of the consequences of refusing to submit to the test.

3.  The form, entitled "REQUEST FOR CONSENT TO BLOOD TEST OF PERSONS SUSPECTED OF DRIVING UNDER THE INFLUENCE OF ALCOHOL OR A CONTROLLED SUBSTANCE", stated in pertinent part:

    I agree to the taking of a blood sample from me for a police investigation. I do not have hemophilia or a heart condition, and am *not using any anticoagulant drugs.* I have been told about the method for taking a blood sample and of the possible risks involved and that the results of the test will be made available upon request to me and to the police or any other government agencies. *I release the Hospital and any persons involved with the taking of the blood sample from any liability arising from the taking of blood and for all ill effects that may result from the blood test.*

    Signature of patient

    (Emphasis added.)

the admissions clerk to have the director of the hospital initial the form with the last sentence crossed out.

The director of the hospital did not initial the form, Licensee did not sign the form, and Licensee did not take the blood test.

After a *de novo* hearing, the trial court concluded:

[i]t should be apparent to any objective viewing of Defendant's request that Defendant effectively is requiring the hospital to waive its immunity from liability[4] ... A close reading of Defendant's testimony is simply not that he would agree to take the test if the language were authoritatively deleted, but rather he would take the test if the hospital would be responsible to him for any contracted disease. For these reasons we hold Defendant did not give an unqualified consent[5]

.     .     .     .     .

With respect to the liability release provision, the trial court concluded that our holding in *Maffei v. Department of Transportation*[6] was inapplicable here since "the offensive language was effectively deleted" by the admissions clerk.

On appeal to this court,[7] the following issues are presented: 1) whether Licensee refused to submit to the blood test; and 2) whether Licensee was improperly asked to submit to procedures in addition to the blood test.

4. Pursuant to Section 1547(j) of the Code, *as amended*, 75 Pa.C.S. § 1547(j), "[n]o physician, nurse or technician or hospital employing such physician, nurse or technician ... shall be civilly liable for withdrawing blood ... and reporting test results to the police at the request of a police officer pursuant to this section ..."

5. See *Department of Transportation, Bureau of Traffic Safety v. Mumma*, 79 Pa.Commonwealth Ct. 108, 111, 468 A.2d 891, 892 (1983) ("[A]nything substantially less than an unqualified, unequivocal assent [to testing] constitutes a refusal under § 1547.").

6. 53 Pa.Commonwealth Ct. 182, 416 A.2d 1167 (1980).

7. Our scope of review in a license suspension case is limited to determining whether the trial court committed an error of law, whether the trial court's findings are supported by competent evidence, or whether the trial court's decision exhibits a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Lello*, 132 Pa.Commonwealth Ct. 11, 571 A.2d 562 (1990).

As to the first issue, we initially note that "[w]hether conduct as found by the trial court constitutes a refusal is a question of law." *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 487, 593 A.2d 932, 934, *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 541 (1991).

■ Although Licensee argues that he continuously agreed to take the blood test so long as his requests were met, we agree with the trial court that demanding the hospital to affirmatively assume liability for his care, in contravention of Section 1547(j), is substantially less than an unqualified assent to testing, and constitutes a refusal. *Cf. Colgan v. Department of Transportation, Bureau of Driver Licensing*, 127 Pa.Commonwealth Ct. 479, 481, 561 A.2d 1341, 1342 (1989) ("[L]icensee's demand that blood be drawn only from his little toe was a limitation that constituted a refusal.").

■ As to the second issue, Licensee argues that *Maffei v. Department of Transportation*, 53 Pa.Commonwealth Ct. 182, 416 A.2d 1167 (1980), is controlling. In that case we held that a licensee cannot be required to sign a liability release in addition to taking a blood test. We stated:

[l]icense suspension is a sanction for refusal to submit to a chemical test, not refusal of a test linked with execution of a release. Therefore, we conclude that the trial court erred as a matter of law in viewing the statutory mandate as being broad enough to cover the two-pronged requirement presented to the motorist here.

*Id.* at 185, 416 A.2d at 1169.

However, in *Selan v. Department of Transportation, Bureau of Traffic Safety*, 108 Pa.Commonwealth Ct. 36, 529 A.2d 65 (1987), we held that asking a licensee to sign a hospital consent form, unlike a liability release, is not the type of improper additional requirement which excuses a refusal to submit to a blood test. *See also Lewis v. Commonwealth*, 114 Pa.Commonwealth Ct. 326, 538 A.2d 655 (1988) (*Selan* controls where an admissions clerk asked a licensee to sign a consent form).

While this is admittedly a close case which falls somewhere between *Maffei* and *Selan/Lewis,* we conclude that *Selan/Lewis* are the controlling cases. After his initial refusal to sign the form, and after the admissions clerk crossed out the liability release provision, Licensee was confronted, in effect, with a consent form. Licensee refused to sign the revised form and demanded that the hospital assume liability for his care and that the director of the hospital initial the form. At this point, Officer Atkin warned Licensee of the consequences of refusing to submit to the blood test. Licensee again refused to sign the form or take the test. Given these intervening circumstances, we cannot say that the trial court erred in concluding that *Maffei* was inapplicable.

Accordingly, we affirm the order of the trial court.

## ORDER

AND NOW, May 17, 1993 the order of the Court of Common Pleas of Warren County in the above-captioned matter is affirmed.