**Jacob ZERBE, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, Department of Transportation, Bureau of Driver Licensing.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 7, 1996.

Filed May 15, 1996.

Michael J. Cammarano, for Appellant.

Timothy P. Wile, Assistant Counsel In–Charge, for Appellee.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

OPINION

FRIEDMAN, Judge.

Jacob Zerbe (Licensee) appeals from an order of the Court of Common Pleas of Berks County (trial court) upholding the Department of Transportation's (DOT) suspension of Licensee's operating privileges for failure to submit to chemical testing pursuant to section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).[1]

---

1. This section provides in pertinent part:

(1) If any person placed under arrest for a

violation of section 3731 (relating to driving

At a de novo hearing before the trial court, DOT presented Officer Nicholas Hine of the Cumru Township Police Department who testified that, at 12:06 a.m. on December 30, 1994, he and his partner were dispatched to a motor vehicle accident on Wyomissing Road in Mohnton, Berks County. Upon arrival, they found a vehicle positioned sideways across the center yellow lines of the road and noticed Licensee sitting on the guardrail off to the side of the road. As Officer Hine approached him to talk, Licensee stood up and almost fell over. Licensee admitted driving the vehicle, and, during the course of conversation, Officer Hine detected a strong smell of alcohol on Licensee's breath. After Licensee attempted, but failed, to perform field sobriety tests, and after he registered .21 percent on a preliminary breath test, Officer Hine placed Licensee under arrest for driving under the influence of alcohol.

Officer Hine also testified that after he read the Cumru Township Police Department implied consent form to Licensee and explained about the drawing of blood and the consequences of a refusal, Licensee agreed to submit to a blood test. Officer Hine then transported Licensee to Saint Joseph Hospital for the test. The hospital, however, would not draw blood from Licensee for the test unless he first signed a hospital consent form. Officer Hine further testified that he recorded a refusal because Licensee would not sign the hospital form and the test was not conducted.[2]

Licensee presented no evidence on his behalf; however, based on this court's decision in *Renwick v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* 166 Pa.Cmwlth. 543, 646 A.2d 729 (1994), *reversed,* 543 Pa. 122, 669 A.2d 934 (1996), he argued that, because the presentation of a hospital consent form constitutes an impermissible burden on a licensee's obligation to consent to chemical testing, his refusal to sign the form after orally agreeing to the test did not constitute a refusal.[3] DOT countered by citing our decision in *Smith v. Commonwealth, Department of Transportation, Bureau of Driver Licensing,* 655 A.2d 232 (Pa. Cmwlth.1995), in which this court, en banc, overruled our *Renwick* decision, holding that a request for a licensee to sign a consent form is not the kind of improper or impermissible precondition to chemical testing which excuses the licensee's refusal to submit to a blood test. Accordingly, we upheld the license suspension of a licensee who orally consented to a blood test but would not sign a form authorizing the hospital to perform the test. *Id.* Relying on *Smith,* DOT asserted that, notwithstanding Licensee's oral assent to submit to the blood test, his refusal to sign a hospital consent form connected to

under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

    (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

75 Pa.C.S. § 1547(b).

**2.** At some points during his testimony, Officer Hine indicated that Licensee's refusal was limited to signing the hospital consent form, (*see, e.g.,* N.T. at 11–12, 15–16); however, more frequently, Officer Hine testified that Licensee also refused to have blood drawn. (*See, e.g.,* N.T. at 8–9, 13, 16–17).

**3.** In *Renwick,* a motorist sustained minor injuries in an automobile accident, for which she was transported to a hospital. At the hospital, she was given implied consent warnings by a police officer and was requested to sign an implied consent form. Renwick ignored the request, but when told that her silence would result in the twelve-month suspension of her license, stated that she would submit to the blood test. Thereafter, when handed the form to sign, Renwick stated that she could not lift her arm and did not sign. Subsequently, the police officer noticed that Renwick had signed a hospital treatment form for treatment of her injuries. The officer noted a refusal and suspension issued.

    On appeal before the trial court, Renwick argued that, because she agreed verbally to take the test, her subsequent refusal to sign the consent form did not constitute a refusal. The trial court disagreed and dismissed Renwick's appeal; however, we reversed. Relying on a line of cases including *Conrad v. Department of Transportation,* 142 Pa.Cmwlth. 642, 598 A.2d 336 (1991), we concluded that where a licensee agrees to submit to chemical testing but refuses to submit to other additional procedures not required by section 1547, such as signing an implied consent form, such conduct does not constitute a refusal.

the blood test request constitutes a refusal of chemical testing as a matter of law. Citing *Smith*, the trial court upheld DOT's suspension of Licensee's operating privilege.[4]

On appeal,[5] Licensee argues: (1) that DOT illegally suspended Licensee's operating privilege based upon his failure to sign a hospital consent form notwithstanding his oral consent to have his blood drawn as required by section 1547; and (2) that Officer Hine did not adequately warn Licensee that his refusal to sign a hospital consent form would be deemed a refusal to consent to chemical testing under section 1547 and, thus, result in a license suspension.[6]

In order to sustain a license suspension pursuant to section 1547(b), DOT has the initial burden to prove that the driver: (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in a license suspension. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994). Whether a licensee's conduct, as found by the trial court, constitutes a refusal is a question of law. *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Cmwlth. 484, 593 A.2d 932 (Pa. Cmwlth.), *appeal denied*, 529 Pa. 625, 600 A.2d 541 (1991).

Here, Licensee first argues that the trial court erred in determining that he had, in fact, refused the blood test, maintaining that, although he refused to sign the hospital consent form, he agreed to submit to the actual blood test. Although acknowledging that our holding in *Smith* would defeat this argument, Licensee urges that we reconsider that opinion, contending that, in *Smith*, this court exceeded its authority and usurped legislative authority by superimposing upon section 1547 the requirement that a licensee execute a hospital consent form.

In *Smith*, we relied on the underlying principles expressed in *Commonwealth, Department of Transportation, Bureau of Driver Licensing v. Miller*, 155 Pa.Cmwlth. 564, 625 A.2d 755 (Pa.Cmwlth.1993) (holding that a request to the licensee to sign a consent form is not an impermissible precondition to testing), *Lewis v. Commonwealth*, 114 Pa. Cmwlth. 326, 538 A.2d 655 (1988) (upholding suspension of operating privilege, holding that signing a hospital consent form is not an impermissible additional requirement), and *Selan v. Commonwealth, Department of Transportation, Bureau of Traffic Safety*, 108 Pa.Cmwlth. 36, 529 A.2d 65 (1987) (upholding suspension of operating privilege where licensee failed to sign a hospital consent form), and overruled a conflicting line of caselaw, specifically *Conrad v. Commonwealth, Department of Transportation*, 142 Pa.Cmwlth. 642, 598 A.2d 336 (1991) (holding that a license suspension under section 1547 may not be supported by a licensee's refusal

---

4. The trial court concluded that, based on the record, Licensee "provided nothing less than an unqualified, unequivocal refusal," (Trial court op. at 4), quoting passages from Officer Hine's testimony which demonstrated that, in addition to refusing to sign the consent form, Licensee orally refused to submit to the blood test as well. The trial court's opinion referred to Officer Hine's testimony on cross-examination:

Q Okay, We all understand that he refused to sign the form, but is that all he refused to do?
A He refused to have blood drawn.
Q Well, how did he refuse to have blood drawn?
A He said it verbally from his mouth.
Q I'm not going to let them draw blood or I'm not going to sign the form, which did he say?
A He said I don't want to do any, I refuse everything.

(N.T. at 17.) However, the trial court also noted that any disagreement over whether Officer Hine based Licensee's refusal on his failure to sign the hospital consent form or on Licensee's verbal refusal to have his blood drawn was immaterial in light of our holding in *Smith* that a refusal to sign the form, in fact, constituted a refusal of testing as a matter of law.

5. This court's scope of review is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Commonwealth, Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

6. Because of our disposition of Licensee's first issue, we need not consider the second argument raised.

to satisfy a pre-test procedure impermissibly linked to the testing) and our *Renwick* decision, which relied on the *Conrad* linkage analysis.[7]

However, recently, in *Commonwealth, Department of Transportation v. Renwick*, 543 Pa. 122, 669 A.2d 934 (1996), our Supreme Court revisited this subject of conflict when they considered the appeal from this court's *Renwick* opinion. Justice Zappala, writing for a unanimous Supreme Court, framed the question presented in *Renwick* as whether "a licensee's refusal to sign a consent form after she orally agreed to submit to a blood test constitutes a refusal pursuant to 75 Pa.C.S. § 1547." The Court held "that the failure to sign a consent form does not per se constitute a refusal to submit to chemical testing." 669 A.2d at 935.

In reaching this conclusion, the Court reviewed numerous Commonwealth Court cases in this area, beginning with *Maffei v. Department of Transportation*, 53 Pa. Cmwlth. 182, 416 A.2d 1167 (1980) (holding refusal to sign hospital waiver of liability form is not a refusal under section 1547), and divided the cases into two categories: (1) the *Wheatley* [8]/*Conrad*/*Renwick* line of cases, which essentially hold that, because the Vehicle Code does not require written consent, the refusal to sign any form does not constitute a refusal to submit to the test; and (2) the *Selan/Lewis/Miller/Smith* line of cases, which hold that refusal to sign a consent form, whether a hospital consent form or a police implied consent form, constitutes a section 1547 refusal. The Court then expressly adopted the first line of cases, concluding that a requirement that the licensee sign any form, of whatever nature, is beyond the parameters of section 1547, which does not require a licensee to complete any pre-test procedure.[9]

The Court stressed, however, that it continued to adhere to the established law providing that anything less than an unqualified, unequivocal assent constitutes a refusal under section 1547. *Department of Transportation, Bureau of Traffic Safety v. Mumma*, 79 Pa.Cmwlth. 108, 468 A.2d 891 (1983). Accordingly, although the Court ruled that Renwick's refusal to sign the consent form did not, in and of itself, constitute a refusal to take the chemical test, the Court considered Renwick's overall conduct and concluded that it demonstrated a refusal. On this basis, the Court reversed our determination and reinstated Renwick's license suspension.

■■■■ Guided by the Court's decision in *Renwick*, we now consider the circumstances in this case. Here, Licensee initially gave his oral consent to submit to a blood test but, subsequently, refused to sign the hospital consent form. Such a refusal *where coupled with an unqualified, unequivocal assent to the test itself*, does not constitute a refusal to submit to testing for section 1547 purposes. *Renwick*. Basing its decision on *Smith*, the trial court concluded that the dispute as to whether Licensee simply refused to sign the consent form or whether he also refused to undergo testing was immaterial and, thus, made no findings in this regard. However, in light of *Renwick*, such findings now are crucial to the outcome in consent form cases. Accordingly, we must vacate the trial court order and remand the case so that the trial court can make these necessary findings.

---

7. In a dissent to *Smith*, Judge Friedman, joined by Judges Pellegrini and Kelley, objected to following the *Miller/Lewis/Selan* line of cases which automatically equated the refusal to sign a hospital consent form with a refusal to submit to chemical testing. The dissenting judges expressed preference for the other line of caselaw, particularly *Conrad*, and noted that because Smith orally agreed to the blood test and only refused to sign the hospital consent form, which was a pre-test procedure linked to the test, although not required by section 1547, Smith did not make a knowing and conscious refusal to submit to chemical testing.

8. *Wheatley v. Commonwealth, Department of Transportation*, 104 Pa.Cmwlth. 171, 521 A.2d 507 (1987) (holding that a refusal to sign an implied consent form is not a refusal to submit to a breathalyzer test for purposes of section 1547).

9. Although *Renwick* does not expressly overrule any cases by name, it would appear that *Selan, Lewis, Miller* and *Smith* have been overruled *sub silentio*. Moreover, by implication, *Conrad*, which was overruled in *Smith*, but relied on by the Supreme Court in *Renwick*, is again good law.

## ORDER

AND NOW, this *15th* day of *May,* 1996, the order of the Court of Common Pleas of Berks County, dated July 21, 1995, is hereby vacated, and we remand the case for proceedings consistent with this opinion.

Jurisdiction relinquished.