**Rhett P. COPELAND, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 24, 1996.

Decided June 28, 1996.

Victor H. Pribanic, for Appellant.

Timothy P. Wile, Asst. Counsel In-Charge, and Harold H. Cramer, Asst. Chief Counsel, for Appellee.

Before DOYLE and FLAHERTY, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Rhett Copeland (Licensee) appeals an Allegheny County Common Pleas Court order denying his appeal from a one-year suspension of his driver's license by the Pennsylvania Department of Transportation for failure to submit to a chemical test under Section 1547 of the Vehicle Code, 75 Pa. C.S. § 1547.

Licensee's sole contention is that his refusal to sign a hospital "release" form following his arrest for driving under the influence of alcohol did not constitute a section 1547 refusal.

This argument misses the point. While a failure to sign a form does not *per se* constitute a refusal to submit to chemical testing, *Department of Transportation v. Renwick,* 543 Pa. 122, 669 A.2d 934 (1996), in this case the trial court did not decide Licensee disallowed testing because of a refusal to sign a form. Instead, the court credited the arresting officer's testimony on Licensee's specific rejection of a blood test. The officer testified that he read Licensee implied consent warnings and asked him to submit to a chemical test; Licensee at no time agreed to take a test without signing forms, he verbally refused to sign any forms or take any tests unless his lawyer was present and he verbally refused to take a blood test due to a fear of needles. (Notes of Testimony, October 18, 1995, pp. 7, 10, 12–13, 20–22).

The trial court correctly concluded that such testimony sufficed to dismiss the appeal. Our Supreme Court stated in *Renwick* "[w]e continue to adhere to the established law providing that anything less than an unqualified, unequivocal assent constitutes a refusal under § 1547." *Id.* at ——, 669 A.2d at 939.[1] The Court specifically held there that a general unwillingness to submit to testing, not based solely on a refusal to sign a consent form, constituted a refusal under section 1547. Certainly then, the decision before us will stand where the accepted evidence establishes that Licensee exhibited more than a general unwillingness to take the test, in fact refusing it for reasons other than a decision against signing a hospital form.

Accordingly, the trial court's order is affirmed.

## *ORDER*

AND NOW, this 28th day of June, 1996, the order of the Court of Common Pleas of Allegheny County, No. SA 2295 of 1995, dated November 30, 1995, is hereby affirmed.

---

**1.** The Court discussed the cases Licensee cites here, *Selan v. Department of Transportation, Bureau of Traffic Safety*, 108 Pa.Cmwlth. 36, 529 A.2d 65 (1987) and *Maffei v. Department of Transportation*, 53 Pa.Cmwlth. 182, 416 A.2d 1167 (1980). Neither of those decisions support Licensee's appeal. In *Selan,* we affirmed a suspension where a licensee's refusal to sign a hospital form stating he consented to a test was deemed a refusal to submit to the test. In *Maffei,* we overturned a suspension where a licensee consented to a blood test but refused to sign a hospital waiver of liability form.