**Gregg TIMBERLAKE, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPART-MENT OF PUBLIC SAFETY, Appellee.**

Court of Appeals of Kentucky.

Feb. 19, 1971.

James F. Clay, Jr., Clay & Clay, Danville, for appellant.

Mary Jo Arterberry, Dept. of Public Safety, Frankfort, for appellee.

PALMORE, Judge.

The question in this case is whether the driver's license of the appellant, Gregg Timberlake, may be revoked under the authority of KRS 186.565 by reason of his alleged refusal to submit to a blood alcohol test following an arrest for driving a motor vehicle while under the influence of intoxicating liquors. KRS 189.520. The judgment under appeal upheld the revocation.

The case was briefed before our decision in Commonwealth, Dept. of Public Safety v. Powers, Ky., 453 S.W.2d 260 (1970), was handed down, in which it was held that there cannot be a refusal without a request that amounts to something more than an invitation. The officer's testimony concerning Timberlake's refusal to submit to the test was as follows.

"I took him out of the car; placed him under arrest for driving under the influence of alcohol and while we were waiting for the wrecker, I told Mr. Timberlake he were entitled to an alcohol test. We'd take him to the hospital; they would draw blood from him, send it to Frankfort and—if he wanted a test, and he said, no, he didn't want one. On the way to jail, he said, well, I really don't believe I've had enough to drink and I said, if you don't, I'll still take you out to the hospital. He said, well, how much would I have to drink before it would be under the influence? And I said, well, some guys can drink more than others—according a lot in your size and he said well, said, there's no use, said, I guess I've drank nearly a half a case of beer, so I took him on to jail."

It is our opinion that there was no positive, unequivocal "request" within the meaning of the word as discussed in the *Powers* case.

The judgment is reversed with directions that the revocation be set aside.

All concur.