### COMMONWEALTH of Kentucky, DEPART-MENT OF PUBLIC SAFETY, W. O. Newman, Commissioner, Appellant,

v.

### Tommy CARPENTER, Appellee.

Court of Appeals of Kentucky.

May 14, 1971.

Mary Jo Arterberry, Dept. of Public Safety, Division of Driver Licensing, Frankfort, for appellant.

Carl R. Clontz, Allen, Clontz & Cox, Mount Vernon, for appellee.

VANCE, Commissioner.

The Department of Public Safety revoked the driver's license of Tommy Carpenter for his alleged refusal to submit to a blood-alcohol test upon request of a state police officer. The order of revocation was set aside by a judgment of the Rockcastle Circuit Court and the department has appealed. We affirm the judgment.

The facts of this case are not in dispute. A state police officer arrested Tommy Carpenter for the offense of operating a motor vehicle while under the influence of intoxicating beverages. Mr. Carpenter requested a blood test and the officer took him to a hospital for the test. The hospital had

a printed form which was described by the officer as a *consent* form. The officer filled out the form and asked Carpenter to sign it. Carpenter refused to sign and the officer then took him to jail.

On cross-examination at the hearing, the officer testified as follows:

> "ATTY. CLONTZ: Of course, you never asked Tommy Carpenter or requested or directed him to take the blood test?
>
> "GODBY: Well, I didn't feel it was necessary * * *.
>
> "ATTY. CLONTZ: I—I—I— know * * *
>
> "GODBY: He had already asked me.
>
> "ATTY. CLONTZ: But, you didn't did you?
>
> "GODBY: No."

Carpenter was acquitted at his trial on the charge of operating a motor vehicle while under the influence of intoxicants but the department revoked his operator's license pursuant to KRS 186.565(3) which provides:

> "(3) If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement agency as provided in subsection (1) of this section, none shall be given, but the Department of Public Safety, upon the receipt of a sworn report of the law enforcement officer that he had reasonable grounds to believe the arrested person had been driving or was in actual physical control of a motor vehicle in this state while under the influence of intoxicating beverages and that the person refused to submit to the test upon the request of the law enforcement officer, shall revoke the license or permit of the person refusing to

take the test for a period of not more than six months; * * *." [1]

In order for a refusal to take a chemical test to result in revocation of the driver's license, the arrested person must first be requested by a law enforcement officer to submit to a chemical test. Timberlake v. Commonwealth, Department of Public Safety, Ky., 464 S.W.2d 283 (1971); Commonwealth, Department of Public Safety v. Powers, Ky., 453 S.W.2d 260 (1970). The request must be something more than an invitation. *Timberlake,* supra. This court stated in Commonwealth, Department of Public Safety v. Powers, Ky., 453 S.W.2d at 262 (1970), that "request" in the context of KRS 186.565 means:

> " * * * such a form of request as specifically asks the subject person *to* take the test, not merely inquires whether the person would *like* to take it; one that has more of the elements of a *demand* than of a mere *offer.* We think the statute contemplates a direct solicitation, an expression of the officer's desire that the test be taken, in accordance with the *dictionary meanings* of 'request' as connoting asking *for* something, soliciting, expressing a desire. * * *."

It is the department's contention that the request of the officer that Carpenter sign the hospital *consent* form was equivalent to a request by the officer that Carpenter take the blood test.

The three prerequisites of revocation under KRS 186.565(3) are: (1) a sworn statement by an officer that the licensee was in physical control of a motor vehicle while under the influence of intoxicants; (2) a request by the officer that the driver take a blood test; (3) a refusal by the driver to take the test.

It should not be overly difficult to proceed within the scope of this statute. The statute does not authorize revocation of

---

1. The 1970 General Assembly of Kentucky amended this section to provide that the requesting officer shall warn the person of the effect of his refusal to submit to the test. Chapter 238, Acts of the General Assembly of Kentucky, 1970.

license in situations where a blood test was merely offered but not requested, nor does it authorize revocation for refusal to sign a printed hospital form or when the officer has not made a request to take the test because "he didn't feel it was necessary."

The record does not contain the form which the officer requested Carpenter to sign and we do not know its contents. It is plain however, that the only request made of Carpenter was that he sign the form and his only refusal was a refusal to sign the form. He was not requested to take a blood test and he did not refuse to take one. The finding of the Commissioner to the contrary is not supported by evidence of substantive value and is therefore arbitrary.

The judgment setting aside the order of revocation is affirmed.

All concur.