STATE of Wisconsin, Plaintiff-Respondent,

v.

William A. SPRING, Defendant-Appellant.†

Court of Appeals

*No. 95–3565. Submitted on briefs August 12, 1996.—Decided September 4, 1996.*

(Also reported in 555 N.W.2d 384.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Christopher A. Mutschler* of *The Law Offices of Barry S. Cohen, S.C.,* of Elkhart Lake.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Ted S. Szczupakiewicz,* assistant district attorney, Waukesha.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J. This is an implied consent revocation case. William A. Spring appeals from an order revoking his driving privileges for refusing to submit to a blood test. Although Spring verbally agreed to the test, he refused to sign a written consent form, required by the medical facility, consenting to the test. Spring argues that the implied consent law does not recognize or authorize such a form. The trial court determined that the use and content of the form did not violate the implied consent law. We uphold the court's ruling and affirm the revocation order.

## FACTS

The relevant facts are brief and undisputed. On August 26, 1995, Waukesha County Deputy Sheriff Glenn Schilder arrested Spring for operating a motor vehicle while under the influence of an intoxicant. Spring was transported to Memorial Hospital at Oconomowoc where Schilder informed Spring of the implied consent law. Schilder then asked Spring whether he would submit to a blood test. Spring agreed.

Schilder then presented Spring with a printed form which the hospital requires as part of the chemical test procedure. We set out the form in full in the accompanying footnote.[1] The form consists of two pages. The first page, signed by the officer requesting the test, commands the medical facility or medical

---

[1] Page One:

The undersigned, a duly authorized law enforcement officer of   Waukesha Sheriff   ~~Police~~ Department, hereby certifies
(Name of Department)

that the subject identified as   William A. Spring   has been
(Name of Person)

personnel to perform the chemical test on the suspect. The concluding paragraph of this page recites the following:

arrested based upon probable cause to believe the subject has committed a violation or crime that is either related to driving while under the influence of an intoxicant or a controlled substance or a combination of an intoxicant and a controlled substance or under the influence of any other drug; or, is related to alcohol and/or controlled substances and there is a clear indication that any blood/urine collected will produce evidence of that crime or violation. If necessary, the subject has been orally informed by this law enforcement officer of his/her rights under Wisconsin's implied consent law, pursuant to Section 343.305(4), Wisconsin Statutes.

I hereby command that a physician, registered nurse, medical technologist, physician's assistant or person acting under the direction of a physician at Memorial Hospital at Oconomowoc obtain a blood/urine sample from said person in a reasonable manner under the circumstances for the purpose of determining the _X_ alcohol and/or ___ drug content thereof (specify by checking appropriate items).

I further certify that said blood/urine collected has been commanded by the ___Waukesha Sheriff Department___ ~~Police~~
(Name of Department)

~~Department~~ and advise that, pursuant to section 946.40, Wisconsin Statutes, whoever, without reasonable excuse, refuses or fails, upon command, to aid any person known to be a peace officer is guilty of a Class C misdemeanor. This section does not apply if under the circumstances the officer was not authorized to command such assistance.

In addition, pursuant to section 895.53(2) and (3), Wisconsin Statutes, any person withdrawing blood, any employer of the person withdrawing blood or any hospital where there is blood withdrawn by that person, at the request of a traffic officer, law enforcement officer or conservation warden, for the purpose of determining the presence or quantity of alcohol, controlled substances or both, is immune from any civil or criminal liability for the act, except for civil liability for negligence in the performance of the act.

pursuant to section 895.53(2) and (3), Wisconsin Statutes, any person withdrawing blood, any employer of the person withdrawing blood or any

Date: _08–26–95_

Name: _Deputy Schilder_

_Deputy Schilder_                         _U198775–3_
(OFFICER'S SIGNATURE)        (ARREST CITATION NUMBER)

This form is not to be used when the officer presents a search warrant for the collection of the sample.

## BLOOD/URINE ANALYSIS REQUEST BY LAW ENFORCEMENT OFFICER

Page Two:

Pursuant to section 343.305 of the Wisconsin Statutes, I, the undersigned, do hereby consent to the collection of a blood or urine sample from my body by a physician, registered nurse, or person acting under the direction of a physician at Memorial Hospital at Oconomowoc. I understand that the purpose of obtaining this blood or urine sample is to determine the intoxicant content therof. I understand that this sample will be turned over to the above-named police officer for the purpose of having it analyzed. I understand that the purpose of obtaining this specimen is to determine the _X_ alcohol and/or __ drug content thereof (specify by checking appropriate items). I consent to and authorize the hospital to release the sample of the blood or urine analysis to the _____ _Waukesha Sheriff_ _____

(Name of Law Enforcement Body)

for the purpose of determining if I was under the influence of an intoxicant. I understand that this consent is revocable except to the extent that action has been taken in reliance thereon, and that this

hospital where there is blood withdrawn by that person, at the request of a traffic officer, law enforcement officer or conservation warden . . . is immune from any civil or criminal liability for the act, except for civil liability for negligence in the performance of the act.

consent will remain in force for a reasonable time in order to effectuate the purpose for which it is given.

Date: _08–26–95_    Time: __3:25 P__

Name of Test Subject: __William A Spring__ _____

(SIGNATURE OF TEST SUBJECT)

_____             _____
(WITNESS)                          (ADDRESS)

**OR:**  The above-named subject is unconscious or lacking the capacity to withdraw consent at this time.

_____             _____
(SIGNATURE OF                      (SIGNATURE OF
HOSPITAL EMPLOYEE)          EMERGENCY DEPARTMENT
                                          PHYSICIAN)

**OR:**  The above-named subject is conscious but refuses to consent to testing and the law enforcement officer continues to request that the test be performed.

_____             _____
(SIGNATURE OF                      (SIGNATURE OF
HOSPITAL EMPLOYEE)          POLICE OFFICER)

Disposition of samples:     (   ) Taken by police officer

I acknowledge that I have received the sample requested above.

Date: _08–26–95_    _____

(SIGNATURE OF POLICE OFFICER)

**CONSENT TO BLOOD/URINE ANALYSIS**

PAGE 2 OF 2

The second page of the form is the actual consent portion of the form. It confirms in writing the suspect's consent to the test and the suspect's understanding that the test sample will be turned over to the authorities for analysis.

Spring construed the form as a waiver of liability on the part of the hospital and its medical personnel. For this reason, he refused to sign the consent portion of the form. Schilder considered this a refusal under the implied consent law, and, in due course, Spring was charged with illegally refusing to submit to a chemical test.

At the revocation hearing, Spring argued that the implied consent law does not recognize or authorize the consent form which he was requested to sign. Since he otherwise had agreed to submit to the chemical test, Spring argued that he had not illegally refused the test. The trial court disagreed.[2] The court held that the consent form merely implemented the implied consent law as written.

[2] In the trial court, the State argued that Spring's refusal was not based solely on the consent form. The State renews this argument on appeal. However, the trial court's bench decision did not address this argument. Instead, the court spoke directly and only to the issue of whether the implied consent law permitted the use of the form. We assume therefore that the court adopted Spring's contention that his ultimate refusal to take the test was based on the form. Thus, we do not address the State's argument that Spring's refusal was based on factors other than the consent form.

## DISCUSSION[3]

Section 343.305(9)(a)5.a-c, STATS., sets out the issues which are addressed at a revocation hearing under the implied consent law: (1) whether the officer had probable cause to arrest the defendant, (2) whether the officer correctly informed the defendant under the implied consent law, and (3) whether the suspect refused the test.

We concede Spring's threshold argument that the implied consent law does not expressly authorize a law enforcement officer or a medical facility to require an OWI suspect to sign a written consent before a chemical test may be administered. However, we disagree with Spring that this concession governs this appeal. Instead, we conclude that the proper inquiry is whether the content of the form misinforms or misleads the suspect as to the implied consent law or

---

[3] We note that unpublished decisions of the court of appeals are in disagreement on the issue before us. *See State v. Sammer*, No. 85-0006, unpublished slip op. (Wis. Ct. App. June 12, 1985); *State v. Sporle*, No. 92-1667-FT, unpublished slip op. (Wis. Ct. App. Dec. 17, 1992); *State v. Sweetman*, No. 93-0395-FT, unpublished slip op. (Wis. Ct. App. June 23, 1993); *State v. Karch*, No. 95-1638-FT, unpublished slip op. (Wis. Ct. App. Oct. 4, 1995).

The same is true in cases from other jurisdictions. *See Maffei v. Commonwealth*, 416 A.2d 1167, 1169 (Pa. Commw. Ct. 1980); *Commonwealth v. Renwick*, 669 A.2d 934, 938-39 (Pa. 1996); *Zerbe v. Commonwealth*, 676 A.2d 294, 297 (Pa. Commw. Ct. 1996); *Butler v. Department of Motor Vehicles*, 171 Cal. Rptr. 525, 526-27 (Cal. Ct. App. 1981); *Carrey v. Department of Motor Vehicles*, 228 Cal. Rptr. 705, 708-09 (Cal. Ct. App. 1986); *Commonwealth v. Carpenter*, 467 S.W.2d 338, 339 (Ky. 1971); *Lynch v. Commissioner of Pub. Safety*, 498 N.W.2d 37, 39 (Minn. Ct. App. 1993); *Wofford v. Director of Revenue*, 868 S.W.2d 142, 143 (Mo. Ct. App. 1993).

related sections. This implicates the second of the issues litigated at a revocation hearing as noted above—whether Spring was correctly informed under the implied consent law.[4] We now conduct this inquiry.

Section 343.305(2), STATS., of the implied consent law declares that an OWI suspect is deemed to have consented to a chemical test. Subsection (2) goes on to state, "Any such tests *shall be administered upon the request* of a law enforcement officer." (Emphasis added.) Subsection (5)(b) of the statute provides that blood tests may be performed "*only* by a physician, registered nurse, medical technologist, physician assistant or person acting under the direction of a physician." In addition, § 895.53(2), STATS., provides:

> Any person withdrawing blood at the request of a traffic officer, law enforcement officer or conservation warden for the purpose of determining the presence or quantity of alcohol, controlled substances or both is immune from any civil or criminal liability for the act, except for civil liability for negligence in the performance of the act.

Subsection (3) of this statute extends the immunity to any employer of the medical person identified in subsec. (2).

In summary, these statutory provisions stand for the following: (1) a law enforcement officer may order medical personnel to administer a chemical test, (2) a

---

[4] Thus, we reject Spring's argument that the use of a consent form introduces a new and improper level of inquiry at a revocation hearing under the implied consent law contrary to *State v. Nordness*, 128 Wis. 2d 15, 19, 381 N.W.2d 300, 302 (1986). (The issues at a revocation hearing are limited to those set out in the implied consent law.)

blood test may be administered only by medical personnel, and (3) except for civil liability for negligence, the medical personnel are immunized from any other civil or criminal liability resulting from the test. The first page of the consent form used in this case accurately recites the foregoing.[5] As such, it memorializes in writing exactly what the implied consent law and § 895.53(2), STATS., envision. Therefore, Spring was not entitled to refuse the test on the basis of this information.[6]

We turn now to the second page of the form. This is the consent portion which Spring was asked to sign. This page documents the suspect's consent to the test and the suspect's understanding that the test sample will be submitted for analysis. While the implied consent law does not expressly require that the suspect's consent and understanding be reduced to writing, we see nothing in such a procedure which violates the spirit or intent of the law. The purpose of the implied consent law is to facilitate the taking of tests for intoxication and not to inhibit the ability of the

[5] Since the first page of the form relates only to the relationship between the officer commanding the test and the medical facility, we question whether it was even necessary to provide Spring with the form. This, however, is of no consequence since we have concluded that this page of the form did not mislead or misinform Spring of the implied consent law.

[6] The immunity provision on this page of the form does not constitute a complete waiver of liability to the hospital. Rather, this provision grants immunity only to the extent allowed by § 895.53(2) and (3), STATS., which does not grant immunity for civil liability for negligence. We stress that this decision does not apply to a situation where the form recites a complete waiver of liability.

state to remove drunken drivers from the highway. *Scales v. State*, 64 Wis. 2d 485, 494, 219 N.W.2d 286, 292 (1974). In light of that purpose, the law is to be liberally construed to effectuate its policies. *Id*. Since this page of the form simply memorializes in writing what the suspect is otherwise required to do under the implied consent law, we hold that Spring was not entitled to refuse the test on the basis of this form.

In summary, we hold that the content and use of the form, whether viewed in its separate parts or collectively, did not misinform Spring under the implied consent law. We affirm the revocation order.

*By the Court.*—Order affirmed.