520 A.2d 947

In Re: Appeal of Stephen Kilcullen, 209 Canterbury Court, West Chester, Pa. 19380. Stephen Kilcullen, Appellant.

Argued December 11, 1986, before Judges MAC-PHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Albert P. Massey, Jr.,* with him, *William J. Scott, Jr., Lentz, Cantor, Kilgore & Massey, Ltd.,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

OPINION BY SENIOR JUDGE BARBIERI, February 5, 1987:

In this driver's license suspension case, Appellant, Stephen Kilcullen, appeals here an order of the Court of Common Pleas of Chester County dismissing his appeal from an order of the Pennsylvania Department of Transportation, Bureau of Traffic Safety (Bureau), suspending his driver's license for one year. The Bureau suspended his license pursuant to Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, as a result of his refusal to submit to a chemical blood test. We affirm.

Appellant was arrested on April 7, 1984, by Officer Mary Teti of the Tredyffrin Township Police Department and charged with driving under the influence. Due to Appellant's vomiting, Officer Teti concluded she

was unable to administer a breath test and had him transported to Paoli Memorial Hospital for a blood test. At Paoli Memorial, Officer Teti and her supervisor, Sergeant Carbo, requested Appellant to submit to a blood test, warned him of the consequences of a refusal, and presented him with a consent form to sign. He acknowledged the officers' requests but refused to make a decision or sign the consent form, insisting he be allowed to consult with his father before making a decision. After approximately thirty to forty minutes and repeated requests, Officer Teti noted Appellant refused the test. As a result of that refusal, the Bureau suspended his driver's license for one year pursuant to 75 Pa. C. S. §1547. The common pleas court affirmed the Bureau's suspension order.

In his appeal to this Court, Appellant's sole argument is that his refusal to sign the consent or waiver of liability form required by Paoli Memorial does not constitute a refusal to take a blood test under 75 Pa. C. S. §1547. He relies upon our decision in *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980). Appellant's reliance upon *Maffei* is misplaced.

In *Maffei* we held when a motorist consents to a blood test but refuses to sign a waiver of liability form presented by the hospital, the motorist's refusal to sign the form does not constitute a refusal under 75 Pa. C. S. §1547. We expressly held a "motorist's duty to assent to a blood test cannot lawfully be burdened by adding (or upholding) the requirement that he also sign a form devised by a hospital." 53 Pa. Commonwealth Ct. at 185, 416 A.2d at 1169. In *Maffei*, the motorist assented to the blood test but refused to sign the release of liability form. The circumstances here are quite different.

In this case, the evidence clearly shows the Appellant never agreed to take the blood test. Appellant's own testimony concedes this point and reads as follows:

Q[Commonwealth Attorney] And when she [Officer Teti] told the Court she told you about the implied consent law and you told her you would refuse to submit to a test, is that correct?

A[Appellant] Yes, but what I'm saying is not that it has nothing to do with that portion. It doesn't have to do—like she said, I didn't never say I would not take the test. *I never said I would.* (Emphasis added.)

N.T. (9/27/84) p.21; R.R. 28a. By his own testimony, Appellant concedes he never assented to a blood test. Without such an assent, the fact the hospital required a waiver of liability form be signed is irrelevant. By failing to make a decision as to whether he would assent to a blood test after repeated requests to do so over a period of time exceeding thirty minutes, Appellant refused the test. Under 75 Pa. C. S. §1547 anything substantially short of an unqualified assent to a request to submit to a chemical test constitutes a refusal. *Miele v. Commonwealth,* 75 Pa. Commonwealth Ct. 130, 461 A.2d 359 (1983). Just as Appellant has no right to confer with an attorney prior to making a decision whether or not to assent to an officer's request to submit to a chemical test, *see e.g. Sentle v. Commonwealth,* 48 Pa. Commonwealth Ct. 479, 410 A.2d 903 (1980), he has no right to consult with a parent or other relative prior to making such a decision. Appellant's admitted failure to make a decision in response to the officers' requests constitutes a refusal under 75 Pa. C. S. §1547.

We shall therefore affirm the common pleas court.

ORDER

Now, February 5, 1987, the Orders of the Court of Common Pleas of Chester County at Docket No. 84-03613, dated October 19 and 25, 1984, are hereby affirmed.