558 A.2d 614

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant,**

**v.**

**Anatoly BALANOW, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 1989.

Decided May 17, 1989.

Donald H. Poorman, Asst. Counsel, Philadelphia, Harold H. Cramer, Asst. Chief Counsel, John L. Heaton, Chief Counsel, Harrisburg, for appellant.

Anatoly Balanow, Royersford, pro se.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT), appeals the order of the Montgomery County Court of Common Pleas which sustained Anatoly Balanow's (Appellee) appeal from DOT's one-year suspension of his operating privileges for refusal to submit to a chemical blood test pursuant to Section 1547(b)(1) of the Vehicle Code (Code), 75 Pa.C.S. § 1547(b)(1). We reverse the trial court and reinstate the suspension.

On May 10, 1987, at approximately 1:48 a.m., Officer Kropp of the Spring City Police Department arrested Appellee for driving under the influence of alcohol. The officer explained the implied consent law to Appellee noting that a motorist's refusal to submit to a blood alcohol test would

result in a one-year suspension of his license. The officer then asked Appellee to take the test and Appellee agreed. Appellee was transported to Phoenixville Hospital, advised of his rights, and asked to sign a Miranda rights form, whereupon, he stated "I'm not going to take the test and I'm not going to sign the paper." (N.T. at 4, R.R. at 28a). The officer warned Appellee that this constituted a refusal to which Appellee responded "I'm only kidding," and signed the Miranda rights form. While waiting for the attending physician to administer the test, Appellee again stated his refusal to take the test, whereupon, the officer reiterated his warning of the penalty involved. Thereupon, Appellee repeated "I'm only kidding." Finally, the officer asked Appellee to sign paperwork which included a hospital release form. Appellee responded, "I'm not signing no paper and I'm not taking no test." The officer again warned Appellee that his statement constituted a refusal and, consequently, the officer and Appellee left the hospital. (N.T. 4–6, R.R. at 28a–30a).

These facts are uncontroverted as Appellee declined to testify or present any evidence. The trial court concluded that Appellee did not refuse to take the test but instead refused to sign a release form and, therefore, DOT improperly suspended his license citing *Maffei v. Department of Transportation*, 53 Pa. Commonwealth Ct. 182, 416 A.2d 1167 (1980). Thus, DOT appeals to this Court.[1]

In *Maffei* the motorist refused to sign a hospital liability release form but agreed to take the blood test. The Court limited its holding to the facts of the case noting that DOT's own evidence established that the waiver was a necessary prerequisite to the test, yet, "nothing in the Vehicle Code requires a driver, as part of his consent to a blood test, to execute a document limiting or waiving the testers liability." 53 Pa. Commonwealth Ct. at 184–85, 416 A.2d at 1169.

1. Our scope of review is limited to determining whether the trial court's findings are supported by competent evidence, whether an error of law has been committed, or whether the trial court's decision constitutes a manifest abuse of discretion. *Waigand v. Commonwealth*, 68 Pa. Commonwealth Ct. 541, 449 A.2d 862 (1982).

Also, this Court has held that when a motorist refuses a blood test the additional issue of whether a waiver form is signed is irrelevant. *Appeal of Kilcullen,* 103 Pa. Commonwealth Ct. 521, 520 A.2d 947 (1987).

The present case is distinguishable in two ways. First, Appellee's final statement was that he was neither signing a form nor willing to take the test. His own language distinguished the two actions as separate and he refused both. Here there is no evidence, as in *Maffei,* that indicates that the waiver form was a prerequisite tied to the blood test mandating that the refusal of the first precluded the second. Secondly, Appellee twice refused to take the test prior to his being offered the waiver form. Although he retracted these statements after the officer warned him of the consequences, his refusals related to the test and were made prior to his knowledge of the existence of the waiver form, indicating that his vacillation related solely to taking the blood test.

It is well established that anything substantially less than an unqualified, unequivocal assent to take the test constitutes a refusal to do so. *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa. Commonwealth Ct. 108, 468 A.2d 891 (1983). When Appellee stated for the third time that he was not going to take the test he clearly fell short of the unqualified, unequivocal consent required by Section 1572 of the Code, irrespective of his additional refusal to sign the waiver form. *See Kilcullen.*

Accordingly, the trial court's findings were not supported by competent evidence and its order must be reversed and DOT's suspension reinstated.

## ORDER

NOW, May 17, 1989, the order of the Court of Common Pleas of Montgomery County at No. 87–09127, dated March 9, 1988, is hereby reversed and the order of the Department of Transportation is reinstated.