## PennDOT v. Keller

*Terri J. Cianci, assistant counsel,* for PennDOT.
*Barbara Jo Entwistle,* for defendant.

SPICER, *P.J.,* November 9, 1993—This court conducted a hearing October 25, 1993, and gave counsel an opportunity to present legal authority for their respective positions. No notes of testimony have been transcribed. The court relies upon trial notes and memory.

Two persons testified, the arresting officer, Dennis Brillhart of the Littlestown police department, and Clark Keller, appellant's brother. There are minor factual disputes but generally testimony can be reconciled.

The officer first noticed appellant on the square (main intersection) in Littlestown on June 3, 1993. Appellant's car stereo was too loud and appellant turned right without signaling, spinning her tires in the process. The officer followed and said that Ms. Keller's speed fluctuated as she drove. After stopping her, the officer noticed classic signs of alcohol use. Appellant failed to satisfactorily perform field sobriety tests, was arrested and transported to Gettysburg Hospital and asked to submit to a blood test.

Officer Brillhart properly informed appellant of her *Miranda* rights but emphasized that she had no right to talk to a lawyer before submitting to the test.

Ms. Keller appeared willing to submit until a friend, who had been her passenger, intervened. That person repeatedly told appellant that she should not take the test until she talked to a lawyer.

A consent form, prepared by the hospital, was explained by the hospital administrator and presented to appellant. She was told that she would be required to sign.

Appellant's brother arrived in the hospital around 1:45, about 15 minutes after the arrest. He asked, but was refused, permission to explain the hospital's consent form to appellant. Appellant does not suffer from reduced comprehension and/or reading skills. She made no requests that her brother or anyone else explain the consent form.

That form, introduced as exhibit one, recited that appellant acknowledged and assumed financial liability for the blood test.

Appellant argues that the Commonwealth Court has now clearly indicated that any precondition to consent is invalid. *Conrad v. PennDOT,* 142 Pa. Commw. 642, 598 A.2d 336 (1991). In that case, a driver repeatedly said he would submit to a blood test but would not sign any form. Suspension of Conrad's operating privileges was reversed. The Commonwealth Court panel discussed and criticized prior decisions. Appellant suggests that the decision overruled prior cases.

Unfortunately, *Conrad* was decided by a panel, just as other cases were. To the extent there are inconsistencies, they will have to be explained away on the facts. We harmonize the decisions as follows:

*Conrad, supra.*—If a driver consents to test, he cannot be required to sign a consent.

*Selan v. PennDOT, Bureau of Traffic Safety,* 108 Pa. Commw. 36, 529 A.2d 65 (1987).—If a driver is told he must sign a consent form which conforms to legal requirements, failure to say or do anything is a refusal.

*PennDOT, Bureau of Driver Licensing v. Miller,* 155 Pa. Commw. 564, 625 A.2d 755 (1993).—A driver cannot justify a refusal by a hospital's failure to assume liability for AIDS infection. In other words, a motorist may not impose affirmative demands as a condition of signing a valid consent.

*Maffei v. PennDOT,* 53 Pa. Commw. 182, 416 A.2d 1167 (1980).—A motorist who otherwise consents may refuse to sign a form which absolves the hospital of liability.

*Appeal of Kilcullen,* 103 Pa. Commw. 521, 520 A.2d 947 (1987).—Even if the hospital form is objectionable, without a consent, the form's content and wording are irrelevant.

Considering these cases as a whole, we conclude that if a driver consents to submit to a blood test, she may refuse to do a lot of things. She may, under *Conrad,* refuse to sign anything at all. She may ask that offending portions be deleted before signing. However, if she does not consent, she is prevented from complaining about the form. It does not matter whether the response is complete silence, *Selan supra,* or an insistence on speaking to a parent before making a decision, *Kilcullen, supra.*

The facts sub judice closely resemble *Kilcullen.* The consent form contained wording which was improper under *Maffei.* However, the panel placed an affirmative duty on the motorist to consent to a test before being heard to complain about a release of liability on the hospital form. As in our case, Kilcullen was told he was required to sign the hospital consent form. He, like appellant, voiced no objection to the form and refused to submit to a blood test.

To the extent that *Conrad* conflicts with the cases it analyzes, we think it prudent to leave the task of synthesis to the Commonwealth Court.

The attached order is entered.

## ORDER

And now, November 9, 1993, the agency action is affirmed. Costs shall be paid by the appellant.