**Larry Eugene STUMP**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 5, 1995.

Decided Sept. 11, 1995.

Timothy P. Wile, Assistant Counsel In–Charge Appellate Section, for appellant.

Joseph B. Policicchio, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

NEWMAN, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Somerset County (trial court) sustaining Larry E. Stump's (Licensee) appeal and vacating the suspension of Licensee's operating privilege imposed by DOT pursuant to 75 Pa.C.S. § 1547(b)(1) (refusal to submit to chemical testing). We affirm.[1]

On January 20, 1993, Pennsylvania State Trooper Daren W. Hockenberry investigated an automobile accident involving Licensee. The trooper noticed that Licensee smelled of alcohol and staggered as he walked. Trooper Hockenberry asked Licensee to submit to field sobriety tests, which Licensee did not perform satisfactorily. Trooper Hockenberry then placed Licensee under arrest for driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731.

Trooper Hockenberry transported Licensee to Somerset Hospital for blood testing. At the hospital, Trooper Hockenberry advised Licensee of the Implied Consent Law[2]

---

1. This case was assigned to the authoring judge on June 6, 1995.

2. The "Implied Consent Law," which is found at 75 Pa.C.S. § 1547(a) and (b), provides in relevant part:

   (a) General Rule.—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
   (1) while under the influence of alcohol....
   (b) Suspension for refusal.—
   (1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical test-

and the consequences of refusing to submit to the test. Trooper Hockenberry also presented Licensee with a form for the blood test and asked Licensee to sign it. The form contained a waiver of hospital liability. Licensee refused to sign the form because he had lost his eyeglasses and was unable to read it. When Trooper Hockenberry read the form to Licensee and asked for Licensee's oral consent to the test, Licensee again stated that he would not sign the form because he could not read it. Trooper Hockenberry recorded Licensee's behavior as a refusal to submit to the blood test. Consequently, DOT suspended Licensee's driving privilege for one year.

Licensee appealed to the trial court arguing, *inter alia*, that he did not knowingly and voluntarily refuse to submit to the blood test because Trooper Hockenberry misled him concerning the form's purpose. The trial court agreed, holding that:

> an improper linkage of the consent form and testing occurred, and that [Licensee] was operating under the false impression that completion of the pretest consent form was required under the implied consent law. Under these circumstances, his refusal to complete the consent form cannot be construed as a knowing and voluntary refusal of the test.

Trial Court Opinion of December 15, 1993 at 10. Accordingly, the trial court vacated the suspension.

■ On appeal to our Court, DOT presents the following issue: whether the trial court's finding that Licensee's submission to a blood test was preconditioned on his execution of a waiver of hospital liability form is supported by competent evidence of record.[3]

■ In reviewing a driver's license suspension case, our scope of review is limited to determining whether the findings of fact of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion in reaching its decision. *Commonwealth v. Danforth*, 530 Pa. 327, 608 A.2d 1044 (1992). Because Licensee was the prevailing party, he is entitled to all favorable facts and inferences that may be reasonably drawn from the evidence; all conflicts in the evidence must be resolved in Licensee's favor. *Stack v. Department of Transportation, Bureau of Driver Licensing*, 166 Pa.Commonwealth Ct. 703, 647 A.2d 958 (1994), *petition for allowance of appeal denied*, 540 Pa. 636, 658 A.2d 798 (filed April 18, 1995).

■ DOT contends that the trial court's finding that Licensee's submission to a blood test was preconditioned on his execution of a waiver of hospital liability form was not supported by competent evidence of record. Specifically, DOT maintains that Licensee's own testimony demonstrates that he did not refuse to sign the hospital form on the basis of the form's release of liability language, but because he lost his eyeglasses and was, therefore, unable to read the form.

In *Maffei v. Department of Transportation*, 53 Pa.Commonwealth Ct. 182, 416 A.2d 1167 (1980), we reviewed a trial court's dismissal of a licensee's appeal from a suspension of his operating privilege under Section 1547 of the Code. In reversing the trial court's order, we determined that "nothing in

---

ing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

(2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.

**3.** To sustain a license suspension under 75 Pa. C.S. § 1547(b), DOT must establish that the licensee:

(1) was arrested for driving while under the influence of alcohol,

(2) was requested to submit to a chemical test,

(3) refused to submit to such a test, and

(4) was specifically warned that a refusal would result in the revocation of his driver's license.

*Department of Transportation, Bureau of Driver Licensing v. Jennings*, 156 Pa.Commonwealth Ct. 219, 627 A.2d 211 (1993). Here, we focus our review on whether Licensee refused to submit to a chemical test. The question of whether conduct as found by the trial court constitutes a refusal is a question of law. *Department of Transportation, Bureau of Driver Licensing v. Kilrain*, 140 Pa.Commonwealth Ct. 484, 593 A.2d 932, *petition for allowance of appeal denied*, 529 Pa. 625, 600 A.2d 541 (1991).

the Vehicle Code requires a driver, as part of his consent to a blood test, to execute a document limiting or waiving the tester's liability." *Id.* at 184–185, 416 A.2d at 1169. We believe that our holding in *Maffei* controls the outcome of this case.

Based on our review of the record, Licensee never refused to submit to the blood test independent of his unwillingness to sign the form. Reproduced Record (R.R.) at 44a. Licensee testified that he did not refuse to take the blood test but that he only refused to sign the form. *Id.* Licensee's attorney introduced the form into evidence without objection from opposing counsel. The document includes a section that provides, "I release the hospital and any persons involved in taking the blood sample from any liability arising from the procedure." R.R. at 76a. This section of the form and Licensee's testimony constitute competent evidence of record to support the trial court's finding that Licensee did not refuse to take the blood test but refused to release the hospital from liability by signing the form.[4]

Finally, we note that the instant case is clearly distinguishable from our recent en banc decision in *Smith v. Department of Transportation, Bureau of Driver Licensing*, 655 A.2d 232 (Pa.Commonwealth Ct., 1995) in which we held that a request for a licensee to sign a hospital consent form is not the kind of improper or impermissible precondition to chemical testing which excuses the licensee's refusal to submit to a blood test. Because the present case involves a waiver of hospital liability, as opposed to a hospital consent form, *Smith* is not controlling here.

For these reasons, we affirm.

MCGINLEY and FRIEDMAN, JJ., concur in the result only.

---

**4.** Our holding in *Department of Transportation, Bureau of Driver Licensing v. Balanow*, 126 Pa.Commonwealth Ct. 76, 558 A.2d 614 (1989) is not in conflict with our holding today. In *Balanow*, the trial court sustained a licensee's appeal from a one-year suspension of his operating privilege for refusal to submit to a chemical test pursuant to Section 1547 of the Code. We reversed the trial court's order, determining that *Maffei* was not controlling. Specifically, we noted two distinguishing factors that existed in *Ba-*

*lanow* that did not exist in *Maffei*: first, the licensee's final statement in *Balanow* was that he was neither signing a form nor was he willing to take the test, and second the licensee in *Balanow* twice refused to take the test prior to his being offered the waiver form.

Unlike the facts in *Balanow*, Licensee, in the instant case, testified that he was willing to undergo the chemical test and he did not refuse to take the test prior to his being offered the form.

## ORDER

**AND NOW,** September 11, 1995, we affirm the order of the Court of Common Pleas of Somerset County, dated December 15, 1993.

KELLEY, Judge, concurring.

I concur only in the result reached by the majority. Accordingly, I write further to emphasize, and would correct, what I consider judicial excessiveness, if not judicial legislation.

I would overrule *Smith v. Department of Transportation, Bureau of Driver Licensing*, 655 A.2d 232 (Pa.Commonwealth Ct., 1995). The majority merely distinguishes the case *sub judice* with *Smith.*

To require any written consent by the licensee, with language of legal consequence, requires a different evaluation by the licensee than the oral permission to consent to the chemical testing.

The statutory language is clear and unambiguous.

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests....

75 Pa.C.S. 1547(a).

I would hold that consent is statutorily implied. Refusal is the failure to comply with the request to test. To present any writing as a further requirement of the consent is contrary to the clear unambiguous "consent" in the statute. The request for the licensee to sign any writing exceeds the statutory presumption. It is a step unauthorized. Accordingly, the statutory presumption is then void. The court decisions that have held the same valid are excessive and in effect amount to judicial legislation.

Similar and parallel to the situation herein is the Air Transportation Security Act of 1949, 49 U.S.C. §§ 1356, 1511 and the regulations promulgated thereto, 14 C.F.R. parts 108 and 121. *See Commonwealth v. Vecchione,* 327 Pa.Superior Ct. 548, 559–60, 476 A.2d 403, 410 (1984). The Air Transportation Security Act mandates that all passengers and carry-on articles be inspected prior to being allowed on board an aircraft. *Id.* When a passenger refuses his consent to inspection, the airlines must refuse passage to the passenger. *Id.* Thus, the regulatory scheme conditions the right to passage on an airplane upon "consent" of the passenger to the search of his person and the possessions to be carried aboard the plane. *Id.*

For the foregoing reasons and while in concurring in the result, I would overrule *Smith* and any case that would require any writing whatsoever which would be exceeding the already established presumption of consent given by statute.

McGINLEY, J., joins in this concurring opinion.