**Frank E. HIRSCH**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 29, 1997.

Decided Nov. 6, 1997.

Timothy P. Wile, Asst. Counsel In–Charge, for appellant.

**376**

Christine M. Selden, Pittsburgh, for appellee.

Before DOYLE and McGINLEY, JJ., and LORD, Senior Judge.

DOYLE, Judge.

Before this Court, on remand from the Supreme Court, is an appeal by the Department of Transportation, Bureau of Driver Licensing (DOT), from an order of the Court of Common Pleas of Allegheny County which sustained Frank E. Hirsch's statutory appeal of a one year suspension of his driving privileges, imposed pursuant to Section 1547(b) of the Vehicle Code, 75 Pa.C.S. § 1547(b).[1]

Avalon Borough Police Officer Craig Cannella stopped Hirsch after observing Hirsch's vehicle fail to make a complete stop at a red traffic signal and then cross over a double yellow line into oncoming traffic. Hirsch was placed under arrest and, because Officer Cannella detected an order of alcohol coming from Hirsch, he administered several field sobriety tests, all of which Hirsch failed. Officer Cannella requested Hirsch to submit to chemical testing of his blood, which he initially agreed to do, and he was transported to Suburban General Hospital. Upon arriving at the hospital, however, Hirsch refused to submit to the test and requested to speak to an attorney. Officer Cannella then read to Hirsch the warnings set forth in the July 1992 version of the DL–26 form,[2] during which time Hirsch repeatedly interrupted him and requested to speak to an attorney. Because Hirsch again refused to submit to the blood test, Officer Cannella recorded a refusal and reported Hirsch's refusal to DOT.

By official notice dated September 20, 1994, DOT notified Hirsch that his operating privilege had been suspended for one year. Hirsch appealed his suspension to the Court of Common Pleas of Allegheny County which held a de novo hearing. The trial court sustained Hirsch's appeal, stating in pertinent part: "[Hirsch] testified at trial that at the time the ... police officer requested testing, he believed that he had a right to speak with counsel prior to submitting...." (Opinion of the Trial Court at 1; R.R. at 29a.)

In its appeal to this Court in December 1995, DOT raised the issue of whether the trial court erred in concluding that Hirsch was confused over the applicability of his *Miranda*[3] rights to the chemical testing procedure under the Implied Consent Law,

---

1. Section 1547 of the Motor Vehicle Code is commonly known as the Implied Consent Law and provides, in pertinent part:

   (a) **General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood ... if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle[.]

   75 Pa.C.S. § 1547(a).

2. Officer Cannella testified as follows:

   Q: Briefly could you tell the Court what you told Mr. Hirsch.
   A: I advised him he was under arrest for driving under the influence of alcohol, requested him to submit to a chemical test of blood. Informed him that, as a police officer, upon his refusal to submit to the chemical test his operating privileges would be suspended for a period of one year. Informed him [of] his constitutional rights he has as a criminal defendant, commonly known as Miranda rights, including the right to speak to a lawyer and the right to remain silent, apply only to criminal prosecution and do not apply to chemical test procedure under Pennsylvania implied consent law, which is a civil and not a criminal proceeding. Informed him he had no right to speak to a lawyer or anyone else before taking the chemical test requested by the police officer nor did he have a right to remain silent when asked by the police officer to submit to the chemical test. Unless you agree to submit to the test requested by the police officer, your conduct will be deemed a refusal and your operating privileges will be suspended for one year. Also, your refusal to submit to chemical testing under the implied consent law may be introduced into evidence in a criminal prosecution for driving under the influence of alcohol or a controlled substance.

   (Notes of Testimony (N.T.), 3/29/95, at 7–8; Reproduced Record (R.R.) at 12a–13a.)

3. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

where Hirsch was provided with an *O'Connell*[4] warning which fully complied with the requirements set forth by the Supreme Court in *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994).

This Court affirmed the trial court's decision, *Hirsch v. Department of Transportation, Bureau of Driver Licensing*, 676 A.2d 703 (Pa.Cmwlth.), *rev'd*, 546 Pa. 460, 685 A.2d 1390 (1996), sustaining Hirsch's appeal on the basis of the language in *Ingram*, which stated:

> Moreover, we held in *O'Connell* that questions of credibility and conflicts in the evidence are for the trial court to resolve.... If there is sufficient evidence in the record to support the findings of the trial court we must pay proper deference to it as fact finder and affirm.

*Ingram*, 538 Pa. at 252, 648 A.2d at 293. DOT appealed to the Supreme Court, which reversed our decision and remanded the case back to this Court[5] for further proceedings consistent with their holding in *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 684 A.2d 539 (1996).

In *Scott*, when the motorist was stopped for speeding, the officer noticed that the motorist appeared to be intoxicated. The officer then asked the motorist to perform a series of sobriety tests, which the motorist was unable to perform. The police officer then placed the motorist under arrest for driving under the influence of alcohol in violation of 75 Pa.C.S. § 3731.

The motorist was then transported to a local hospital for the purpose of conducting a blood alcohol test. The police officer informed the motorist of the Implied Consent Law[6] and read appellee this warning:

As a police officer, it is my duty to explain to you that the constitutional rights due you in a criminal prosecution as set forth in the *Miranda* decision do not apply to chemical testing under the implied consent law. Specifically, you do not have a right to consult with a lawyer or anyone else prior to taking the chemical test nor do you have a right to remain silent when a police officer asks you to submit to a chemical test. Your continued request to speak to a lawyer or anyone else after this explanation is given, or your silence when asked to submit to a chemical test, will be considered as a refusal of the chemical test subjecting you to the suspension of your driving privilege.

*Scott*, 546 Pa. at 245, 684 A.2d at 541–42.

The motorist, however, refused to submit to the blood test, and was removed to the police station. While at the station the motorist was again given the above warnings several times, and each time he refused to submit without first speaking with his attorney. A refusal was then recorded.

On appeal from the suspension, the Common Pleas Court rescinded the suspension, reasoning that the motorist could not have given a knowing and conscious refusal since the motorist was confused as to his rights under *Miranda*.[7] The Commonwealth Court affirmed the trial court, and DOT appealed.

The Supreme Court, after reviewing the entire area of *O'Connell* warnings, held that "once a motorist has been properly advised of his *O'Connell* warnings, a refusal to submit to chemical testing under the terms of the Implied Consent Law will not be excused as unknowing on the basis of the motorist's subjective belief[s] regarding the interplay between the Implied Consent Law and his

---

4. *Department of Transportation, Bureau of Traffic Safety v. O'Connell*, 521 Pa. 242, 555 A.2d 873 (1989).

5. *Hirsch v. Department of Transportation, Bureau of Driver Licensing*, 546 Pa. 460, 685 A.2d 1390 (1996).

6. 75 Pa.C.S. § 1547(a)–(b).

7. The trial court held as follows:

> The credible testimony of [Licensee] that he repeatedly asked if he was in a civil or criminal situation, that he asked to speak to an attorney, and *the absolutely incorrect statements made to him to the effect that it being a drunk driving case he is not entitled to a lawyer*, tilts the scales of justice in favor of [Licensee] and therefore [DOT] did not meet its burden.

> *Scott v. Department of Transportation, Bureau of Driver Licensing*, 655 A.2d 198, 200 (Pa.Cmwlth. 1995) (emphasis in original), *rev'd*, 546 Pa. 241, 684 A.2d 539 (1996).

*Miranda* rights." *Scott,* 546 Pa. at 255, 684 A.2d at 546.

In the present case, Hirsch was given a proper *O'Connell* warning by the police officer. Although Hirsch continued, in spite of that warning, to assert that he wanted to speak with his attorney before submitting to the blood test, the police officer performed his duty under *O'Connell* when he read Hirsch the warnings from the DL–26 form. As the Supreme Court has now held, "[o]nce an officer provides *O'Connell* warnings to a motorist, the officer has done all that is legally required to ensure that the motorist has been fully advised of the consequences of refusing to submit to chemical testing." *Scott,* 546 Pa. at 254, 684 A.2d at 546. Hirsch's subjective belief that his *Miranda* criminal rights apply to the civil proceeding in which the chemical test of his blood-alcohol content is the issue is of no avail; he cannot vitiate his refusal, regardless of a contrary finding by the trial court.

Therefore, because the police officer gave Hirsch the proper *O'Connell* warnings from the DL–26 form, Hirsch's failure to submit to chemical testing constitutes a refusal under the Implied Consent provision of the Vehicle Code.

Accordingly, the order of the trial court is reversed and the one year suspension is reinstated.

### ORDER

**NOW,** November 6, 1997, the order of the Court of Common Pleas in the above captioned matter is REVERSED and the one year suspension of Frank E. Hirsch's driving privileges imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.

